### ROGG v. SIMELOWITZ et al.

(Supreme Court, Appellate Term. February 11, 1907.)

1. APPEAL—DEFAULT JUDGMENT—MUNICIPAL COURT.

A Municipal Court judgment having been taken against plaintiff on her default, an appeal therefrom will not lie.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 885.]

2. JUDGMENT—DEFAULT—VACATION—GROUNDS.

During the taking of testimony the cause was adjourned until the next day to permit the production of a lease, and the next morning the case was dismissed because of the failure of plaintiff's attorney to attend. The attorney's affidavit on a motion to set aside his default alleged that on the day of his default he was somewhat delayed in appearance before the Municipal Court because of the fact that another case in which he appeared for plaintiff was near the head of the calendar at Trial Term, Part 2, of the City Court. Held, that such facts were insufficient to show an excuse for the failure of plaintiff's attorney to appear in the Municipal Court, and did not, therefore, authorize a vacation of the default. Plaintiff's remedy was to bring another action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 287.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Ida Rogg against Israel Simelowitz and others. From a judgment and order of the New York City Municipal Court, entered against plaintiff on default, she appeals. Order affirmed. Appeal dismissed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Isidore Klatzkie, for appellant.

Gainsburg & Solomon, for respondents.

PER CURIAM. This is an appeal from a judgment entered against the plaintiff upon his default in failing to appear at an adjourned day and from an order denying his motion to open such default. The judgment having been taken upon plaintiff's default, an appeal therefrom will not lie, and the appeal from the judgment must, therefore, be dismissed.

The facts leading up to the denial of plaintiff's motion to open his default are substantially as follows: The case came on for trial upon June 14, 1906. During the taking of testimony it was deemed important that a certain lease said to have been in possession of one

of the defendants' witnesses should be produced, and the cause was adjourned until the next morning to enable such lease to be produced. The next morning, owing to the attorney for the plaintiff being delayed, the case was called and dismissed. The affidavit of the plaintiff's attorney, used upon his motion to open his default, states as an excuse for his delay in appearing before the court on the morning of June 15th, in time to proceed with the trial when the case was called, as follows:

"On June 15, 1906, deponent, by reason of the case of Weinthal v. Herman, which appeared near the head of the calendar at Trial Term, Part 2, of the City Court, before Mr. Justice Green, wherein deponent appeared for plaintiff, deponent was somewhat delayed in appearance before this court."

This is clearly insufficient. Nothing is shown by that statement that shows any reason why plaintiff's attorney failed to appear in the Municipal Court in time to answer to the call of the case. On the other hand, one of the defendants swears positively that the plaintiff's attorney was not in the courtroom soon after the case was called, and denies that said attorney was in the courtroom that morning. The plaintiff is not without remedy, as she can bring another action. The order denying plaintiff's motion should be affirmed.

Appeal from judgment dismissed, without costs, and order affirmed, with costs.